WENTWORTH BARBRICK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     November 20, 21, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* In use of highway.

In an action against a street railway company by a boy seventeen years of age when injured, for personal injuries caused by the plaintiff being thrown from a team which he was driving by a collision with a street car operated by the defendant, there was evidence that the accident occurred on a very dark and foggy evening, that, on account of ice and snow between the right hand rail of the street railway tracks and the curbstone, the plaintiff was driving on the rails of the right hand track with the hubs of the left wheels projecting about a foot and a half beyond the rail on that side, that as the plaintiff approached a sharp curve to the left he listened for a gong and heard none, that when he was on the curve he saw ten or twenty yards distant the headlight of the defendant's car, which was approaching on the parallel track at a high rate of speed, that the plaintiff attempted to turn to the right, but that the hub of his left forward wheel was struck by the car and he was thrown out and injured. *Held,* that the questions, whether the plaintiff was in the exercise of due care and whether the servants of the defendant were negligent, were for the jury.

TORT, by a boy seventeen years of age when injured, for personal injuries sustained on the evening of December 23, 1907, when the plaintiff was driving a horse attached to an express wagon on Elm Street in Everett, from a collision with a street car of the defendant at a point between Woodlawn Street and Birch Street. Writ dated January 20, 1908.

In the Superior Court the case was tried before *White,* J., who at the close of the plaintiff's evidence ordered a verdict for the

defendant.  The plaintiff alleged exceptions, containing a stipulation of the parties that, if the verdict was ordered for the defendant erroneously, judgment should be entered for the plaintiff in the sum of $500; and that, if the verdict was ordered rightly, judgment should be entered for the defendant.

*H. C. Long,* for the plaintiff.

*H. D. McLellan,* for the defendant.

HAMMOND, J.  There was a collision in the public highway, on a very foggy and dark evening, between a team driven by the plaintiff, a boy then seventeen years of age, and a street car operated by the defendant.  The travellers were going in opposite directions.

The plaintiff testified as follows: "It was very foggy, very dark and foggy evening.  So dense you could hardly see your hand before you.  I was outward bound and the car was inward bound.  The street wasn't very wide and as it was going the street curved to the left at the point where the accident happened.  There was just enough space between the right-hand rail of the outbound track and sidewalk for a team to pass by getting up close to the sidewalk and on about five or six feet of this space there was a couple of inches of ice and snow which was melting at the time.  I was going up grade at a kind of dog trot, without a heavy load, and was driving one horse.  I had a lantern right in front of my footboard that wasn't very large, and I could see the ground by the light.  I was driving on Elm Street in the outward bound track, on account of the snow and ice; it was the safest place I had.  I was driving a very slow horse.  All of a sudden I turned my horse to the right and the first thing I knew I was struck and landed right up to the right of my horse.  I would say that, when I saw what I took to be the headlight of what appeared to be a car, it was ten or twenty yards — ten or fifteen yards — away.  I should put it at about half way the distance across the court room.  The car appeared to be going at a very high rate of speed and I should say went two lengths after it struck.  I say it struck the hub of my left forward wheel, because I saw the mark on the hub.  The curve turned there — going out the curve turned to the left, and I was right on the sharp part of the curve.  There was no light on the street except one incandescent light about three hundred and sixty feet ahead of the place where the accident happened and it was very dark.  I heard no gong on the car, though I listened

for one all the time. The axle of my wagon is about one and a half feet wider than the car track, outside of the hub. Assuming that my wheel on the right side is going along the track in the rail, my other wheel would be about a foot and a half outside the other rail of the outbound track. There are no houses along near the place where the accident happened. I was thrown off my wagon."

On cross-examination he testified that when he "pulled to the right" "the wagon slid on the rails," "slewed around and slewed into the car." "The rails are a little higher than what the street is. . . . I was pulling out to the right, and the wheel slid along on the rail, . . . sticking in towards the car, . . . kind of sideways." There was other evidence as to the weather and condition of the street and the distance one could see.

It is a case of collision between two travellers, each using the highway; and the right of each as such ended where that of the other began. Ordinarily such cases are for the jury, and we think that this is no exception.

On the evidence the questions whether the plaintiff seasonably saw the car, whether he with due promptness tried to turn out, and whether he was careful in the manner in which he made the attempt, whether the motorman was duly observant of the approach of the team, whether he took all due precaution by lessening the speed of the car, or otherwise, to avoid a collision, as well as the general questions whether in these or other material respects either party was careful or careless, were all for the jury.

By the terms of the report upon which the case is before us, there should be judgment for the plaintiff for $500; and it is

*So ordered.*